## Eli Whitney v. Wm. H. Bunnell.

Action against the acceptor of a Bill payable to the order of the drawer, who endorsed it to the plaintiff. The signature of the endorser was proved by a comparison of it with that of the drawer. The Court considered the evidence sufficient—as the acceptance admitted the signature of the drawer.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Wolfe & Singleton*, for plaintiff. *Semmes & Edwards*, for defendant and appellant.

BUCHANAN, J.   The defendant and appellant was accepter of a bill drawn by J. *Richards*, to the order of himself, and by him endorsed to plaintiff.

The plaintiff gave in evidence the bill and acceptance, and proved the endorsement of the payee by a comparison, made by sworn experts, of the two signatures " *J. Richards* " at the bottom and on the back of the bill.   The experts pronounced the two signatures to have been made by the same person.

In this Court the appellant contends that this was not a case for comparison of handwriting by experts: the legal effect of the acceptance being, not so much an admission of the signature of the drawer, as an estoppel to deny the genuineness of that signature, which would preclude the acceptor from showing that the said signature was forged, even if that were a fact.

Story, in his Comm. on the Law of Bills of Exchange, paragraphs 262, 411, and 412, lays down the law on this point as follows :   " The acceptance admits the genuineness of the signature of the drawer; and consequently, in favor of a *bona fide* holder for value without notice, if the signature of the drawer turn out to be a forgery, the acceptance will nevertheless be binding, and entitle such holder to recover thereon according to its tenor."   " But it is said that the like doctrine does not apply to the acceptor, in the case of the forgery of the signature of the payee, or of any other endorser, because the acceptor is not presumed to know their signatures or to vouch for their genuineness."—" Neither does the acceptance admit the signature of the drawer when he is an endorser also, altho' the bill is payable to the drawer's order, and his signature as drawer is admitted."   For this doctrine Story cites the authority of *Robinson* v. *Yarrow*, 7th Taunton, 455, in which it was said by *Parke, Justice*— "The mere acceptance proves the drawing, but it never proves the endorsement."   And Parke quotes *Smith* v. *Chester*, 1st Term Reports, 654, as deciding that, even if the endorsement be there, the acceptance does not admit the endorser's handwriting, and that the acceptor is only bound to look at the face of the bill.   *Judge Story* remarks upon these cases, that the distinction is certainly very nice, and perhaps does not stand upon very satisfactory ground, where the endorsement is on the bill at the time of acceptance.

But in the case at bar we are relieved of the perplexity of this nice distinction ; for here, the plaintiff did not rest his cause upon the presumptions arising from the defendant's acceptance of the bill—as was done in the case in Taunton.   On the contrary, he administered proof of the signature of the payee— the proof by comparison with a signature admitted by the acceptance, according to *Story*—proved by the acceptance, according to *Parke*.   And here it is proper to remark, that the authorities do not countenance the doctrine of estoppel contended for by the appellant.   We have found nothing which precluded defendant from pleading and proving forgery of the signature of the drawer of the bill against the plaintiff, had the facts been so.   And upon such proof made, it would have been incumbent upon plaintiff to show that he was a *bona fide* holder for value, without notice, before he could recover.

Upon the proof by experts, founded on comparison of signatures, see the case of *Sauvé* v. *Dawson*, 2 Martin, 213.

Judgment of the District Court affirmed, with costs.